## Case No. 3,400.

CROCKER et al. v. REDFIELD.

[4 Blatchf. 378;[1] 18 How. Pr. 85.]

Circuit Court, S. D. New York. Oct. Term, 1859.

CUSTOMS DUTIES—"COINS"—RECOVERY BACK—PROTEST—VOLUNTARY PAYMENT.

1. Chinese coin, known in China as "copper cash," composed of copper and lead, and copper and nickel, and used in China as money by count, is not entitled to be imported into this country free of duty, under Schedule I of the tariff act of July 30, 1846 (9 Stat. 49), as "coins, gold, silver and copper," unless it is imported to be used as a part of the currency of this country, or is, at the time of its importation, a part of such currency.

2. Otherwise, it is chargeable with a duty of five per cent., under Schedule H of said act, as "copper, when old, and fit only to be re-manufactured."

3. Where money is paid for duties on imports, before a protest against such payment is made, the duties cannot be recovered back.

4. And, where money is deposited with a collector of customs, wherewith to pay the duties when they shall be ascertained, and the duties are afterwards ascertained, and then a protest is made against the payment, the protest is too late, the money not having been paid compulsorily, in order to get possession of the goods.

This was an action [by Eben B. Crocker and others] against [Heman J. Redfield], the collector of the port of New York, to recover alleged excesses of duties paid under protest, on a shipment of Chinese coin, and on a shipment of jute [in 1854, 1855].[2]

Almon W. Griswold, for plaintiffs.

Charles H. Hunt, Asst. Dist. Atty., for defendant.

NELSON, Circuit Justice. The coin shipped was one thousand boxes, and is described in the invoices as "copper cash." It appears, from the evidence in the case, that this description of coin, at the time of the importation from China, passed in that country by count as money, and was known by the designation of "copper cash," being the only coin in China; and that the pieces were composed of 60 per cent. to 70 per cent. of copper, and 30 per cent. to 40 per cent. of lead or nickel. The plaintiffs claim that the article was entitled to be imported into this country free of duty, under Schedule I of the tariff act of July 30, 1846 (9 Stat. 49), within the words "coins, gold, silver and copper." The collector claims that it fell under the description in Schedule H, "copper when old and fit only to be re-manufactured," and was chargeable with a duty of five per cent.

The purpose for which the coin was imported is nowhere stated in the case. Some light might, I think, have been thrown upon the question, if evidence had been given on this point; for, I am inclined to think that the clause in the free list has reference to coins that are imported into the country for circulation as money. Inasmuch as no such purpose appears in respect to the coin in question, and no inference can be drawn to this effect from the description or designation of the article, the better opinion is, that it has been properly arranged under Schedule H, within the terms above referred to. At least, in my view of the clause in the free list, I am of opinion, that the article in question cannot be brought within it, without first proving that it was imported to be used as part of the currency of the country, or that it was, at the time of the importation, a part of such currency.

As it respects the excess of duty claimed to be recovered upon the shipment of jute, it is a sufficient answer to say that the protest is defective. It appears, on the face of it, that the money was paid, and in the hands of the collector, before the protest was made against the payment of the duty and the penalty. There is no date to it, but the inference is unavoidable from the facts stated in it. Indeed, a balance is still in the hands of the collector, of $92.85. It is said, that the money was only deposited with the collector as a security for the payment of the duties when ascertained, and that the application did not take place till the ascertainment of the duties. Admitting this to be so, I do not agree to the consequence claimed. The money deposited was to be applied by the collector to the duties, and it cannot be said, after this, that it was paid compulsorily, in order to get possession of the goods. The protest, after the duties were ascertained, came too late.

I do not think that the suit should be sustained for the $92.85, as that sum was tendered to the plaintiffs before suit brought. They knew, at all times after the ascertainment of the duties, that that sum was ready for them. Judgment for defendant.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[2] [From 18 How. Pr. 85.]